UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| PAULA A. TREVINO, § | |
|    Plaintiff, § | |
| § | |
| v. § | Case No. 1:19-cv-158 |
| § | |
| THE BANK OF NEW YORK MELLON § | |
| F/K/A THE BANK OF NEW YORK, § | |
| TRUSTEE FOR THE BENEFIT OF § | |
| THE CERTIFICATE HOLDERS OF § | |
| THE CWABS, INC. ASSET-BACKED § | |
| CERTIFICATES, SERIES 2005-17, § | |
| and SUBSTITUTE TRUSTEE § | |
| CONNIE COBB, § | |
|    Defendants. § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of Defendant Bank of New York Mellon's ("Bank of NY Mellon") "Defendant's Rule 12(c) Motion for Judgment on the Pleadings – Collateral Estoppel" (hereinafter, Bank of NY Mellon's "Rule 12(c) Motion" or "Motion"). Dkt. No. 6. Plaintiff Paula A. Trevino has not filed any pleadings, or otherwise filed a response in this case. For the reasons stated below, it is recommended that Bank of NY Mellon's Motion be **GRANTED**. It is further recommended that the instant action be **DISMISSED** with prejudice, and the Clerk of Court be directed to close this case.

### I.     Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1345.

## II. Background and Procedural History

Albert and Paula A. Trevino executed a Texas Home Equity Note and Texas Home Equity Security Interest in the original principal amount of $152,000 on October 12, 2005. *See* Dkt. Nos. 6 at 1; 6-1 at 3; 6-5 at 3. The Texas Home Equity Note was secured by their home residence located at 1775 Royal Oak Street, Brownsville, Texas 78520. Dkt. Nos. 6-1 at 3; 6-5 at 3. Albert and Paula A. Trevino missed several payments that caused their home residence to be scheduled for foreclosure on August 7, 2018. *Id.*

On November 29, 2018, United States District Judge Rolando Olvera granted Defendant Bank of New York's "Motion to Dismiss" Plaintiff Albert Trevino's "Original Petition" (hereinafter, Albert Trevino's "First Petition") filed in state court and subsequently removed to federal court. *See Trevino v. The Bank of New York*, No. 1:18-cv-146; Dkt. No. 6-2. Albert Trevino's First Petition sought to enjoin Defendant from foreclosing on his home residence located at 1775 Royal Oak Street, Brownsville, Texas 78520. Dkt. No. 6-3 at 3. Specifically, Albert Trevino raised several claims against Defendant: (1) violation of Texas Property Code § 51.002 and wrongful foreclosure; (2) violation of the Home Affordable Refinance Program; (3) breach of contract; and (4) injunctive relief. *See* Dkt. No. 6-3. The Court determined that Albert Trevino failed to plead any cognizable cause of action and dismissed the case with prejudice. Dkt. No. 6-2 at 3.

Plaintiff Albert Trevino again filed an "Original Petition" (hereinafter, Albert Trevino's "Second Petition") in state court on March 27, 2019 that was removed to

federal court. Dkt. No. 6-3. In his Second Petition, Albert Trevino raised the same legal claims seeking once again to prevent foreclosure of his home residence. *Id.* On June 11, 2019, United States District Judge Rolando Olvera granted Defendant Bank of NY Mellon's "Motion to Dismiss" pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Trevino v. The Bank of New York Mellon*, No. 1:19-cv-63; Dkt. No. 6-4. The Court further ordered the non-judicial foreclosure of the property located at 1775 Royal Oak Street, Brownsville, Texas 78520 to proceed. *Id.*

On August 6, 2019, Paula A. Trevino filed a pro se "Original Petition" (hereinafter, Paula A. Trevino's "Petition") in the 357th Judicial District of Cameron County, Texas seeking to enjoin Defendants Bank of NY Mellon and Substitute Trustee Connie Cobb (collectively, "Defendants") from foreclosing on her home located at 1775 Royal Oak Street, Brownsville, Texas 78520. Dkt. No. 6-5 at 3. Defendant Bank of NY Mellon filed a timely "Notice of Removal" on August 15, 2019. Dkt. No. 1. Plaintiff Paula A. Trevino did not respond or otherwise object to Defendant's Notice of Removal. In her Petition, Plaintiff Paula A. Trevino raises the same claims as Albert Trevino's First and Second Petitions. *See* Dkt. Nos. 6-3; 6-5.

On November 12, 2019, Bank of NY Mellon filed its instant Motion to dismiss Paula A. Trevino's Petition pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. No. 6. In its Motion, Bank of NY Mellon argues that "the prior lawsuit filed by Albert Trevino which was dismissed with prejudice to refiling, is virtually identical to this lawsuit filed by Paula A. Trevino." *Id.* at 2. Specifically, Bank of NY Mellon argues that Paula A. Trevino's Petition should be dismissed under

the doctrine of res judicata and collateral estoppel because Paula A. Trevino is the wife of, and is in privity with, Albert Trevino. *Id.* at 3–5. Bank of NY Mellon asserts that Paula A. Trevino's claims have already been decided and are barred by prior court judgments, and that Paula A. Trevino's Petition is an "attempt to evade this Court's orders entered in the prior two cases filed in Albert Trevino's name." *Id.* at 5–6.

Paula A. Trevino had until December 3, 2019, to file a response to Bank of NY Mellon's Motion. *See* S.D. Tex. Local Rule 7.3 ("Opposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel."). Paula A. Trevino has not done so nor has she contradicted the factual allegations made in Bank of NY Mellon's Motion. A failure to respond to a motion in this District is construed as "a representation of no opposition." *See* S.D. Tex. Local Rule 7.4. Despite this Rule, the Court must still determine whether Bank of NY Mellon has met its burden under Rule 12(c) before dismissing Paula A. Trevino's case. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n. 8 (5th Cir. 2002) ("[T]he standard to be applied in a Rule 12(c) motion is identical to that used in a Rule 12(b)(6) motion.") (internal quotation marks omitted).

### III.  Legal Standards

Rule 12(c) of the Federal Rules of Civil Procedure provides that a party may file a motion for judgment on the pleadings if the pleadings are closed, and the motion will not delay trial. FED. R. CIV. P. 12(C). A Rule 12(c) motion is appropriate when

"the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (internal quotation marks and citation omitted). The standards for dismissal under Rule 12(c) are the same as those under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010).

Dismissal is appropriate under Rule 12(b)(6) if the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court "confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a)[.]". *Richter v. Nationstar Mortgage, LLC*, No. H-17-2021, 2017 WL 4155477, at *1 (S.D. Tex. Sept. 19, 2017) (citing *Bell Atlantic v. Twombly*, 550 U.S. at 555 and *Ashcroft v. Iqbal*, 556 U.S. at 678–80). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) challenge, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544, 570. This means that a complaint, taken as a whole, "must contain either direct or inferential allegations reflecting all the material elements necessary to sustain recovery under some viable legal theory[.]" *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)) (internal quotation marks omitted).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level…on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id*. Although the Supreme Court in *Twombly* stressed that it did not impose a probability standard at the pleading stage, an allegation of a mere possibility of relief does not satisfy the threshold requirement of Rule 8(a)(2) that the "plain statement" of a claim include factual allegations "plausibly suggesting (not merely consistent with)" an entitlement to relief. *Id.* at 557. A court need not accept as true "conclusionary allegations, unwarranted factual inferences, or legal conclusions[.]" *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

When considering whether judgment on the pleadings is appropriate, courts are to consider the pleadings alone. *Richter v. Nationstar Mortgage*, LLC, No. H-17-2021, 2017 WL 4155477, at *2 (S.D. Tex. Sept. 19, 2017) (citing *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002)). Under Rule 12(b)(6) and Rule 12(c), courts may also consider the documents that a defendant attaches to its motion to dismiss if the documents "are referred to in the plaintiff's complaint and are central to her claim." *Id.* (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Causey v. Sewell Cadillac-Chevrolet Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 509–10 (3d ed. 2004)). Further, if an exhibit is attached to a

plaintiff's complaint, it is considered part of the complaint "for all purposes." *Id.* (citing FED. R. CIV. P. 10(c); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004))

### IV. Discussion

**A. Res Judicata[1]**

Res judicata allows for the finality of decisions. *Brown v. Felsen*, 442 U.S. 127, 131, 99 S. Ct. 127, 60 L. Ed. 2d 767 (1979). "Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Id.* (internal quotations marks omitted). In this manner, res judicata prevents litigation on grounds or defenses to recovery that were previously available to the parties regardless of whether they were raised in the prior proceeding. *Id.* "Res judicata thus encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." *Id.*

Pursuant to Fifth Circuit precedent, "[r]es judicata, or claim preclusion, has four requirements: (1) that the parties be identical or in privity; (2) that the prior judgment be rendered by a court of competent jurisdiction; (3) that the prior action be concluded by a final judgment on the merits; and (4) that the same claim be involved in both actions." *Hall v. Hodgkins*, 305 Fed. Appx. 224, 228 (5th Cir. 2008)

---

[1] Defendant in its Rule 12(c) Motion asserts that Plaintiff's Petition should be dismissed under res judicata or collateral estoppel. Dkt. No. 6 at 3. The Court finds that res judicata is appropriate to dismiss Plaintiff's Petition, and there is no need, in the alternative, to discuss collateral estoppel. Collateral estoppel aims to prevent "issues of ultimate fact from being relitigated between the same parties in a future lawsuit if those issues have once been determined by a valid and final judgment." *Vines v. Univ. of La. At Monroe*, 398 F.3d 700, 705 (5th Cir. 2005).

(citing *Test Masters Ed. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005)). "If these four conditions are satisfied, res judicata prohibits either party from raising any claim or defense in the later action that was or could have been raised in support of or in opposition to the cause of action asserted in the prior action." *JPMorgan Chase Bank, N.A. v. Shatteen*, No. 4:12-CV-579, 2015 WL 136629, at *3 (E.D. Tex. Jan. 7, 2015) (citing *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990)).

### 1. Plaintiff Paula A. Trevino is a party in privity with Albert Trevino

The first element of res judicata has been satisfied because there is privity between Paula A. Trevino and Albert Trevino due to their spousal relationship, borrowers on the same Texas Home Equity Note, and shared residence of the property at issue. Res judicata prevents litigation of claims by parties that are identical to those in a prior action or those that are in privity with the parties of the prior action. *Aerojet-Gen. Corp. v. Askew*, 511 F.2d 710, 719 (5th Cir. 1975) ("Under the federal law of res judicata, a person may be bound by a judgment even though not a party if one of the parties to this suit is so closely aligned with his interests as to be his virtual representative."). Privity "represents a legal conclusion that the relationship between the one who is a party to the record and the non-party is sufficiently close to afford application of the principles of preclusion." *Sw. Airlines v. Tex. Int'l Airlines, Inc.*, 546 F.2d 84, 95 (5th Cir. 1977). A party of record and a non-party that have a pre-existing substantive legal relationship are sufficiently close to preclude the non-party's claims under res judicata. *Taylor v. Sturgell*, 553 U.S. 880, 894, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008). Therefore, under Texas law, property possessed by

either spouse during marriage is presumed to be community property and creates a "fiduciary duty…between husband and a wife regarding the community property controlled by each spouse." *See Cuauhtli v. Chase Home Finance LLC*, 308 Fed. Appx. 772, 773 (5th Cir. 2009) (citation omitted). This fiduciary relationship between spouses is the type of substantive legal relationship for claim preclusion. *See id.* Moreover, privity exists when the parties share liability on the same loan obligation. *See Mason v. Wells Fargo Bank, N.A.*, 4:16-CV-00699-ALM-CAN, 2016 WL 7664305, at *4, *adopted by* 2017 WL 67943 (E.D. Tex. Dec. 13, 2016) ("[A]ssignees and servicing agents of a loan are in privity with an original mortgage company.") (citations omitted).

Paula A. Trevino, as the wife of Albert Trevino,[2] are considered parties in privity; there is a close spousal relationship between those parties allowing for claim preclusion to apply. *See* Dkt. No. 6 at 3–5. Moreover, the property at dispute located at 1775 Royal Oak Street, Brownsville, Texas 78520 represents community property acquired during marriage under Texas law that supports a party in privity finding between Paula A. Trevino and Albert Trevino.[3] Albert and Paula A. Trevino, as borrowers, executed a Texas Home Equity Note that is secured by their home residence. The first element of res judicata has been met.

---

[2] Defendant in its Motion asserts that Paula A. Trevino is the wife of Albert Trevino. Plaintiff Paula A. Trevino has not filed any objections or response to Defendant's Motion to contest this assertion. *See* S.D. Tex. Local Rule 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").

[3] As stated previously, Plaintiff Paula A. Trevino did not contest the assertion that she is the wife of Albert Trevino.

### 2. *Existence of prior and final judgment*

The second and third elements of res judicata have been met. In connection with Albert Trevino's First and Second Petitions, the Court rendered final judgments against him. In both cases, Albert Trevino's claims were dismissed for failure to state a claim, which constitute judgments on the merits. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3, 101 S. Ct. 2424, 69 L. Ed. 2d 103 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"). Here, Plaintiff Paula A. Trevino has raised the same legal claims and factual predicates underpinning the same claims that Albert Trevino previously raised in his two prior cases. Paula A. Trevino's claims, then, have already been decided on their merits; nothing new has been offered to disturb this Court's previous rulings. Moreover, the parties do not dispute that this Court had jurisdiction in the previous cases. The Court finds that the second and third elements have been satisfied.

### 3. *Same or similar claims*

Finally, the Court finds that the fourth element of res judicata has been satisfied because the claims raised here by Paula A. Trevino are identical to those raised in Albert Trevino's First and Second Petitions. The fourth element of res judicata requires the same or similarity among the claims or causes of action in the case. Federal courts apply the "transactional test" to determine whether two actions involve the same claim or cause of action. *Test Masters Ed. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Under the transactional test, "a prior judgment's

preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Id.* "The critical issue is whether the two actions are based on the 'same nucleus of operative facts.'" *Id.* (quoting *New York Life Insur. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir. 2000)).

Here, Plaintiff Paula A. Trevino asserts the same claims that Albert Trevino previously made against Defendants. Specifically, the instant suit involves the same loan and property as the two previous cases. Furthermore, the same legal theories were raised verbatim in the present case. "A dismissal which is designated 'with prejudice' is 'normally an adjudication on the merits for purposes of res judicata.'" *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n. 8 (5th Cir. 1993). Therefore, the instant suit, and the two previous cases involve the "same nucleus of operative facts" as well as identical legal claims. The fourth and final element is met.

## V. Recommendation

For the foregoing reasons, it is recommended that Defendants' Motion be **GRANTED**. It is further recommended that the instant action be **DISMISSED** with prejudice, and the Clerk of Court be directed to **CLOSE** this case.

## VI. Notice to the Parties

A party's failure to file written objections within fourteen days after being served with a copy of the proposed findings, conclusions, and recommendation in a

magistrate judge's report and recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions that the district court accepts, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc); *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1).

SIGNED on this 29th day of January, 2020, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**